WALTER B. KIMBALL ET AL V. HOUSTON OIL COMPANY ET AL.

No. 1630. Decided February 13, 1907.

1.—Findings of Fact—Presumptions.

The rule that in the absence of a statement of facts it will be presumed that every fact essential to the correctness of the judgment was proved does not apply to cases where the judge has found separately the facts and his conclusions of law thereon; an appellant who has properly excepted may have the correctness of the latter tested by the facts stated as their basis. (Pp. 340, 341.)

2.—Same.

It may not be necessary, in order to sustain the judgment, that there be a finding of every fact necessary to support it, but when the judge affirmatively states facts, and bases his conclusions upon them, it can not be presumed that other facts which would support his judgment were proven. (P. 341.)

3.—Unrecorded Deed—Innocent Purchaser—Burden of Proof.

Under the Registration Act of 1840, and later statutes, providing that unrecorded deeds should not "be good against a purchaser for valuable consideration not having notice thereof" (Hart. Dig., arts. 2765, 2767), one claiming under the subsequent deed has the burden of proving payment of consideration and lack of notice; but one purchasing in 1838 was protected against a previous unrecorded deed from his grantor by the Act of 1836 (Hart. Dig., art. 2757), which provides that no such deed "shall take effect as regards the interest and rights of third parties;" under this act the burden of proving notice or want of consideration was on the party claiming under the unrecorded deed (Crosby v. Houston, 1 Texas, 238, followed, and later decisions distinguished. (Pp. 341-343.)

4.—Same—Statutes Construed.

Section 40 of the Act of 1836 (Hart. Dig., art. 2757) regulates the recording not only of deeds executed before its passage, and required to be proven by section 37 (Hart. Dig., art. 2754), but of deeds generally, including those thereafter to be executed and to be proven under sections 35 and 38 (Hart. Dig., arts. 2752, 2755). (Pp. 343, 344.)

5.—Same.

Section 37 of the Act of 1836 (Hart. Dig., art. 2754) applied only to deeds previously executed, and the provision giving the holders twelve months from the following April to have them proven up and recorded did not apply to deeds executed after the passage of the act. (P. 344.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Hardin County.

Kimball and others sued the Houston Oil Co. and others in trespass to try title. Defendants had judgment, and plaintiffs appealed, and on affirmance obtained writ of error.

*S. M. Johnson, E. E. Easterling, J. D. Martin* and *Ewing & Ewing,* for plaintiffs in error.—The senior deed to David Brown, under the trial court's conclusions of fact, was of no effect by the plain provision of the Registry Act of December 20, 1836, as against the first recorded junior deed to Isam Parmer, under whom plaintiffs in the court below regularly deraigned, and hence judgment should have gone in their favor for the land in controversy. Hartley's Dig., art. 2757, pp. 833, 834, Registry Act of December 20, 1836, and art. 2767, pp. 836, 837, Registry Act of February 5, 1840, same as now existing

(Paschal's Dig., art. 4988, and Rev. Stats., art. 4640.)	And see cases cited in argument, infra.

It is in the construction of the latter statute, not the former, that the opinions in the adversely cited cases (Watkins v. Edwards, 23 Texas, 433; Hawley v. Bullock, 29 Texas, 217; McAlpine v. Burnett, 23 Texas, 650; Johnson v. Newman, 43 Texas, 641; Moore v. Curry, 33 Texas, 668; Allen v. Root, 39. Texas, 598; Turner v. Cochran, 94 Texas, 484; Hamman v. Keigwin, 39 Texas, 44; Rodgers v. Burchard, 34 Texas, 442; Beaty v. Whitaker, 23 Texas, 527; Rodgers v. Pettus, 80 Texas, 425, and Lindsay v. Freeman, 83 Texas, 267) were rendered.

We cite Crosby v. Houston, 1 Texas, 233, 237, 238, and Guilbeau v. Mays, 15 Texas, 410, 413, 414; and, as approving or in harmony, Byrne v. Fagin, 16 Texas, 399; Nicholson v. Horton, 23 Texas, 47; Musquis v. Blake, 24 Texas, 467; Grumbles v. Sneed, 22 Texas, 573; Williamson v. Williams, 22 Texas, 563; and Airhart v. Massieu, 98 U. S., 491.

The right of the appellants to judgment could not be affected by the claim that it was competent for the Appellate Court, in support of the judgment of the court below, to presume the existence of defensive facts not contained in the trial court's conclusions of fact and law, since it is well settled that, in the absence of a statement of facts, the silence of the conclusions "upon any issue or question of fact is equivalent to an express finding thereon against the party on whom was the burden of proof," else the manifest intent of the statute would be defeated. Sayles' Texas Civ. Stats., arts. 1014, 1333, 1379; Milliken v. Continental Ins. Co., 64 Texas, 46; Chance v. Branch, 58 Texas, 490; Cousins v. Grey, 60 Texas, 346, 348; Madden v. Madden, 79 Texas, 595, 597; Paden v. Briscoe, 81 Texas, 563; Joseph v. Cannon, 32 S. W. Rep., 241, 242; Keene Mach. Co. v. Barratt (U. S. App.), 100 Fed. Rep., 590, 593; Dooley v. Pease, 180 U. S., 126; Duncan v. Wright, 105 U. S., 381, 1100; Norris v. Jackson, 9 Wall., 125, L. Ed., 608.

The remaining claim for affirmance, towit, that the time within which deeds had to be recorded, being until April 1, 1838, had expired by repeal on May 10, 1838, so that the registry requirement of the Act of December 20, 1836, became inapplicable, can not be sustained, (1) because the section as to time for record applied only to prior existing deeds, and not to one made afterwards, as that to David Brown of date November 28, 1837, and (2) because if section 37 relating to time for record were eliminated, the Act would remain the same concerning the noneffect of unrecorded deeds, as held in Guilbeau v. Mays, 15 Texas, 413. Registry Act of December 20, 1836, sec. 37; Hartley's Dig., art. 2754, p. 833; Guilbeau v. Mays, 15 Texas, 413.

*Denman, Franklin & McGown, Taliferro, Nall & Dies,* and *Lanier & Martin,* for defendants in error.—There being no statement of facts in the record it will be conclusively presumed that all facts were established necessary to authorize and sustain the judgment of the lower court, and in order to reverse such judgment the appellants must make it clear to this court from the findings of fact and the conclusions

of law of the trial judge, that the judgment rendered by him is erroneous. Oldham v. Medearis, 90 Texas, 506; Robbins v. Kimble, 2 Texas, 258; Duffield v. Bodine, 2 Texas, 293; Caldwell v. Brown, 43 Texas, 217; Voges v. Ditlinger (Texas Civ. App.), 72 S. W. Rep., 875; Puster v. Anderson, 66 S. W. Rep., 684; Webb v. Maxan, 11 Texas, 686; Lockett v. Schurnberg, 60 Texas, 610; Green v. Cross, 79 Texas, 130; Craig v. Marx, 65 Texas, 650; Marx v. Caldwell, 62 Texas, 64, 65; Endick v. Endick, 61 Texas, 560; Watkins v. Tucker, 84 Texas, 430; White v. Parks, 67 Texas, 605; Ivey v. Harrell, 1 Texas Civ. App., 229; Jordan v. Snithurn, 51 Texas, 288, 289; Flanagan v. Pearson, 61 Texas, 307; Trammell v. McDade, 29 Texas, 368; Keene v. Barrett, 100 Fed., 590; Lamson v. Beard, 94 Fed., 30.

Under the Act of 1836, an unrecorded conveyance passed the title of the vendor to the vendee, both as to the parties and as to all others who thereafter acquired any interest in the property conveyed, unless they were purchasers for value and without notice, actual or constructive of such conveyance, and the burden is upon the claimant of such after acquired right to show that he was a purchaser for value and without actual or constructive notice of the prior conveyance. Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 217; McAlpine v. Burnett, 23 Texas, 650; Johnson v. Newman, 43 Texas, 641; Moore v. Curry, 36 Texas, 668; Allen v. Root, 39 Texas, 598; Turner v. Cochran, 94 Texas, 484; Hamman v. Keigwein, 39 Texas, 44; Rodgers v. Burchard, 34 Texas, 442; Beaty v. Whitaker, 23 Texas, 527; Rogers v. Pettus, 80 Texas, 425; Lindsay v. Freeman, 83 Texas, 267.

When Kimball purchased he had constructive notice of the deed from Nelson to Brown. It is not shown that Kimball was a purchaser for value. In order, therefore, for the heirs of Kimball to hold the land as against appellees, the burden of proof is on them to show that Isam Parmer was an innocent purchaser for value, and this regardless of whatever construction may be placed upon the Act of 1836, as that Act was not in force at the time Kimball purchased. Melton v. Turner, 38 Texas, 84; Herrington v. Williams, 31 Texas, 461, 462.

It is not shown by either the findings of fact or the conclusions of law of the trial court that Isam Parmer did not have constructive notice when he purchased from Nelson of the previous conveyance from Nelson to Brown, but there is a finding by the court that there is no proof that either Parmer or his vendee were purchasers for value without notice of a prior deed from Nelson to Brown. The judgment of the court was, therefore, right. Wethered v. Boon, 17 Texas, 149, 150; Littleton v. Giddings, 47 Texas, 117; Jackson v. Waldstein (Texas Civ. App.), 27 S. W. Rep., 28; Harris v. Von Rosenburg (Texas Civ. App.), 26 S. W. Rep., 309; Watkins v. Edwards, 23 Texas, 443; Mainwarring v. Templeman, 51 Texas, 213; Cameron v. Romele, 53 Texas, 242; Mullins v. Wimberly, 50 Texas, 457; Hawley v. Bullock, 29 Texas, 223; Eylar v. Eylar, 60 Texas, 319; Smith v. James, 54 S. W. Rep., 41; Ramirez v. Smith, 59 S. W. Rep., 260.

The true interpretation to be placed upon the Act, is that where the owner of land has once conveyed, he has nothing left to again convey, and that one who asserts title in the land by a second conveyance, does not acquire any title by virtue of such conveyance alone, but that

whatever title he acquires, passes to him by virtue of the fact that it has been acquired by him for value and without notice of a previous conveyance by his vendor. It logically follows, therefore, that in order to show title in himself, the burden necessarily rests upon him to establish the fact that he is an innocent purchaser for value. Rodgers v. Burchard, 34 Texas, 442; Paschal v. Perez, 7 Texas, 348; Farley v. McAlister, 39 Texas, 603; Fletcher v. Ellison, 1 Posey, U. C., 668; Lewis v. Cole, 60 Texas, 343; Taylor v. Harrison, 47 Texas, 459; Blum Land Co. v. Harbin (Texas Civ. App.), 33 S. W. Rep., 153; Rankin v. Miller, 43 Iowa, 19; Wallace v. Crowe (Texas Sup.), 1 S. W. Rep., 373.

Under the Act of 1836 parties owning or claiming land had until April 1, 1838, to record their muniments of title. Nelson conveyed to Brown November 28, 1837. Brown had, therefore, until April 1, 1838, to record his deed. Nelson conveyed to Parmer March 13, 1838, before the expiration of the time Brown had in which to record his deed. The doctrine caveat emptor, therefore, applied to Parmer and he could not have been an innocent purchaser within the protection of the registration laws.

The question as to whether the burden of proof was on appellees to show appellants not to be innocent purchasers for value is an immaterial one on this appeal. The judgment of the lower court is attacked by appellants and the burden is on them, on this appeal, to show that said judgment is erroneous. Findings of fact affirmatively show appellants to be holders of a junior title. The lower court has adjudged that they were not entitled to recover on that title. The burden is therefore on appellants, on this appeal, however, the Act of 1836 may be construed, to show that there was no evidence at the trial showing that Parmer was not a purchaser for value or without notice. Oldham v. Medearis, 90 Texas, 508.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the plaintiffs in error in trespass to try title to recover of defendents in error the league of land granted to O. C. Nelson. It is to be decided upon the findings of fact and conclusions of law filed by the district judge, duly excepted to, there being no statement of facts in the record. The findings and conclusions are as follows:

"1. That the league of land in controversy was granted to O. C. Nelson by the Mexican Government on August 18, 1835.

"2. That both parties to this suit claim the league of land under a deed from O. C. Nelson, the common source.

"3. That defendants claim under and introduced in evidence warranty deed from O. C. Nelson to David Brown, executed on November 28, 1837, reciting a consideration of $1,000 paid, acknowledged before E. O. Legrande, chief justice, and exofficio notary public of San Augustine County on same date, and recorded in Menard County records on 16th day of March, 1842, and in Hardin County records on 28th day of February, 1859.

"4. That defendants introduced in evidence a regular chain of title by mesne conveyances of the league down to themselves connecting themselves with the above and foregoing deed from Nelson to Brown.

"5. Plaintiffs claim under, and introduced in evidence, a general warranty deed from O. C. Nelson to Isam Parmer executed on the 13th day of March, 1838, reciting a consideration of $1,200, acknowledged before E. O. Legrande, chief justice, and exofficio notary public of San Augustine County, Texas, same date, and recorded in Menard County records February 23, 1842, and a certified copy from said records recorded in Hardin County, August 10, 1901.

"6. That plaintiffs next introduced in evidence a regular chain of title by mesne conveyances of the league down to Timothy Kimball connecting said Kimball with the above and foregoing deed to Isam Parmer, the deed to Timothy Kimball being dated 13th day of April, 1850.

"7. That plaintiffs are the heirs of Timothy Kimball, deceased.

"8. That the plaintiffs failed to establish by credible testimony that Isam Parmer paid a valuable consideration for the land.

"9. That no actual notice was shown by the evidence to have been given Isam Parmer, at the date of his purchase from O. C. Nelson, of the existence of the deed from O. C. Nelson to David Brown.

"CONCLUSIONS OF LAW.

"I find as conclusions of law, (1st) that there being no proof of the payment of the purchase money by Isam Parmer from a credible source or that he or his vendees purchased without notice of the prior deed from Nelson to Brown, and he being a junior purchaser, the plaintiffs acquired no title to the land under said deed as against the defendants and those under whom they claim, who hold and claim title under the older deed from O. C. Nelson to David Brown. (2d) That as O. C. Nelson was the common grantor from which both parties deraign their title and as his prior deed to David Brown was of record at the time when Timothy Kimball purchased the land and acquired the Isam Parmer title, he had constructive notice of the title held by mesne conveyances from and under David Brown and therefore he and those claiming under him acquired no title to the land, as against the defendants and those under whom they claim, who held and claim title under the older deed from O. C. Nelson to David Brown."

It is the contention of plaintiffs that the district judge and the Court of Civil Appeals erred in holding that it was incumbent upon them to prove that Isam Parmer, the junior purchaser of the land in controversy, paid for it a valuable consideration and took without notice of the prior unrecorded deed to David Brown. Besides controverting this proposition, the defendants in error urge that this question does not arise in the present state of the record, because, they say, there being no statement of facts, the court should presume, in favor of the judgment, that every fact essential to its correctness was proved. This is the rule where there is neither statement of facts nor findings of the trial judge; but it is not applicable here, because the law authorizes an appeal upon such findings, alone, and generally entitles the appellant, who has properly excepted to them, to have the correctness of the legal conclusions on which the judgment rests tested by the facts stated as their basis. (Continental Ins. Co. v. Milliken, 64 Texas, 46; Chance v. Branch, 58 Texas, 490; Cousins v. Grey, 60 Texas, 346.)

It may sometimes happen that findings omit any mention of a fact,

proof of which would be essential to the correctness of the judgment, and that, in the absence of anything said about it, such fact should be presumed; and we are not to be understood as holding that such findings are to be treated as special verdicts were formerly treated and required to state affirmatively every fact necessary to support the judgment. (Thomas v. Quarles, 64 Texas, 493.)

However that may be, it is apparent that in this case the trial judge stated affirmatively the facts and the state of the evidence from which he drew his conclusions of law, and held that the junior must be regarded as inferior to the senior deed, in the absence of proof that the last purchaser paid value and bought without notice. It can not be presumed, in view of the express statements made, that there was proof of other record or notice or want of consideration than such as is mentioned. The case must therefore be decided, as the courts below decided it, by determining whether or not the burden was upon the plaintiffs to prove the facts referred to, in order to make the second deed prevail over the first. That this question would have to be answered affirmatively, had it arisen under the registration law of 1840 or any of the later statutes, is settled beyond question by many decisions of this court. (Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 217; Rogers v. Pettus, 80 Texas, 425.) But the relative merits of the two titles depend upon the law of 1836, in force when both of the deeds were executed, the language of which differed very materially from that of the subsequent statutes. It provided in section 40, that: "No deed . . . shall take effect as regards the interests and rights of third parties, until the same shall have been duly proven and presented to the court, as required by this Act, for the recording of land titles" (Hartley's Dig., art. 2757); while the Act of 1840 provided that such instruments, unless recorded, should not "be good against a purchaser for valuable consideration not having notice thereof, nor any creditor;" and further that they should "be void as to all creditors and subsequent purchasers for valuable consideration without notice . . . but . . . as between the parties and their heirs, and, as to all subsequent purchasers, with notice thereof, or without valuable consideration, shall nevertheless be valid and binding." (Id., arts. 2765, 2767.)

All of the decisions relied on by the defendants were made in cases in which the rights of the parties under the conflicting deeds were determined by the law of 1840. In most of them both of the deeds were executed after that law took effect. In Johnson v. Newman, 43 Texas, 628, the contracts, in which the rights of the two claimants originated, were executed while the Act of 1836 was in force, but they created only equities, and the legal title vested in the second purchaser by the patent subsequently issued. The claimants under the elder contract were therefore asserting an equitable against the legal title and the decision rested upon the principles applicable to such controversies and was in favor of the junior claimant. Plainly there was no decision of the point involved in this case.

In Hawley v. Bullock, supra, the elder deed was executed before, and the junior one after, the adoption of the law of 1840. As no right had accrued to anyone but the holder of the first deed when

that law took effect, the deed was then in full force between the parties, was entitled to registration and could be postponed to one subsequently executed only in accordance with the provisions of the existing law. The question was, therefore, the same as if both deeds had been executed under that law.

But it is plausibly urged that as under both laws, under that of 1836 by proper construction, and under that of 1840 by express provision, a conveyance was effective as between the parties and also against grantees in subsequent conveyances who paid nothing or took with notice, the reasoning by which the burden of proof has been put upon the junior purchaser claiming under the latter equally applies in cases arising under the former law. We think it is true that under either statute the burden is upon one claiming against an unrecorded deed to produce evidence sufficient to bring himself within its protection; to show, in other words, that he is one to whom its language applies. This necessarily results from the proposition that the title of the holder of the unrecorded deed is good until it encounters that of one in whose favor the statutes declare that it shall not "take effect" or "shall be void." But the difference in the language of the two Acts materially affects the question as to how much must be shown by the junior claimant to put him in the protected class. Under the Act of 1840 a case is not made against the holder of the elder by mere production of the junior title, because the statute does not make unrecorded conveyances void as against all subsequent ones, but only declares such effect in favor of subsequent purchasers for value and without notice. By showing that he is a purchaser merely, the last claimant does not show that he is the kind of purchaser mentioned by the law. Not so with the previous law. The failure to prove and present a deed for registration left it inoperative "as regards the interests and rights of third parties." When, against such a deed, is produced a subsequent one from the same grantor, apparently valid, is it not shown, prima facie at least, that the claimant under it is a third party having a right or an interest to be affected by the prior conveyance, and is he not literally within the terms of the statute and entitled to its protection? He is, unless other facts, not mentioned by the statute nor suggested by the evidence which he offers, are to be presumed against him. The nature of those other facts is such as, under well settled principles of evidence, precludes the indulgence of any presumption of their existence.

In the case of Crosby v. Houston (1 Texas, 238), it was urged that, under the Act of 1836, no evidence of the existence of an instrument coming within its provisions was admissible against a third person except that afforded by its registration in accordance with that Act. Construing the Act in the light of the principles laid down in other jurisdictions for the construction of registry laws generally, Chief Justice Hemphill said: "All such laws are regarded as designed to protect creditors and purchasers against prior secret conveyances and incumbrances, and that where there was actual notice of such prior conveyances, the purpose of the law was fully accomplished, and that the reason of the law ceasing, the law itself became inoperative and its sanctions would not attach. This construction of such statutes has

arisen from the strong determination of the courts that frauds should be suppressed; and as the policy of the registration acts has thus, to a great degree, been counteracted, it has been so far qualified that the letter of the statutes will be departed from only 'where the notice is so clearly proved, as to make it fraudulent in the purchaser to take a conveyance in prejudice to the known title of the other party.' (19 Vesey, 439; 1 Story Eq. Jur., secs. 397, 378; Sug. Vend., chap. 16, secs. 1, 10, chap. 17; 2 N. & McC. (S. C.), 105; 2 McC., 273; 4 Pick., 253.) And this liberal construction of the terms of such statutes is designed to guard against the fraud; but is not to be perverted to the injury of the second purchaser. (4 Mass., 534.)" The court therefore concluded that proof of the unrecorded instrument, other than the record, might be made; but also held that the "letter of the statutes will be departed from only 'where the notice is so clearly proved, as to make it fraudulent in the purchaser to take a conveyance in prejudice to the known title of the other party.'" This was not a mere dictum, but was a careful statement of the law under which the cause was to be tried. Evidence had been adduced to show notice to the second purchaser and the learned jurist proceeds to discuss it and show its uncertain character, leaving the question as to its sufficiency undecided because of the new trial to be had. But the law was laid down, as stated, to govern the court below in such trial. We regard this as a decision of the question in this case, declaring the law to be that the holder of a junior deed taken while the Act of 1836 was in force is entitled to the protection of that Act until his claim is shown to be fraudulent, that is, acquired when he had notice that the property belonged to another, or acquired without the payment of a consideration. In either case the effort to enforce such a claim would be as truly a fraud as would be the act of the common grantor in trying to defeat the title of his first grantee by again selling or giving away the property. The decision is supported by the principle universally recognized that fraud is not to be presumed but must be proved; and its application to such a contest as this is that, as a fraud on the part of the third party producing evidence of a right or interest in the property is the reason for denying him the protection given by the language of the statute, that fraud must be shown by the party asserting it.

The decision does not conflict with, and is not overruled by, the later decisions made under other statutes, but is consistent with them for reasons already given. It is true that the attempt of a subsequent grantee who took with notice or without consideration is as truly a fraud under one statute as under the other, but the difference as to the burden of proof arises from the differing language defining the classes of persons who are given protection and the resulting necessity for the second purchaser to show that he is in the class mentioned.

A further contention of defendants is that section 40 of the Act of 1836 (Art. 2757 Hartley's Dig.), does not regulate the recording of deeds, generally, but refers only to the failure to prove and present to the court the instruments mentioned in section 37 (art. 2754), which is as follows: "Any person who owns or claims land of any description, by deed, lien, or any other colour of title, shall, within twelve months from the 1st day of April next, have the same proven in open court,

and recorded in the office of the clerk of the County Court in which said land is situated; but if a tract of land lies on the county line, the title may be recorded in the county in which part of said land lies." It is true, as contended, that this section relates only to instruments, such as are mentioned in it, which were in existence prior to the passage of the Act, but it by no means follows that section 40 applies to no other. The sections 35 and 38 provide for the proof and registration of all such instruments as are treated in the statute and section 40 provides what should be their effect until "proved and presented." This is made plain by the final provision of section 40, which, immediately following the first part copied above, says: "And it shall be the duty of the clerk to note particularly the time when such deed, conveyance, lien or other instrument is presented and to record them in the order in which they are presented." This plainly shows that the proof and presentation referred to is that which is to be made preparatory to registration and that the reference is to all of the instruments for the proof and registration of which provision is made. The purpose probably was to give to the presentation and proof, for the purpose of registration, the same effect as is given by subsequent laws to the filing of instruments, as notice from the time when those acts were done, regardless of the time of the actual recording.

It is further urged that, by section 37 of the Act, Brown had until April 1, 1838, to record his deed and was not in default when Parmer purchased before that date. But, as above held, this provision applied only to instruments existing when the law was passed. Other provisions of the statute operated prospectively upon such as were executed after its passage.

We conclude that upon the facts stated the plaintiffs were entitled to recover upon the same evidence that would have entitled their predecessor, Parmer, to have recovered; and that the fact that the deed under which defendants' claim was recorded before Kimball purchased does not defeat the title derived from Parmer.

We think it proper, however, as the case was disposed of below under an erroneous view of the law, and as we can not know what other facts may be developed to change its attitude, to remand it to the District Court for another trial in accordance with this opinion.

*Reversed and remanded.*