## John S. Bilby v. W. S. Hancock.

Decided January 1, 1910.

**1.—Notary Public—Jurat—Omission of County.**

When the impress of the seal attached by a notary public to his certificate or jurat discloses the county for which he was appointed, the omission to state in the jurat or certificate the name of such county will not affect the validity of the certificate or jurat.

**2.—Same—Official Act on Sunday.**

An affidavit before a notary public on Sunday is valid.

**3.—Petition—Verification.**

The verification of a petition for the removal of a cause from a State to a Federal court was as follows: Affiant "makes oath and says that he is the petitioner above named, and that the foregoing petition is true to his own knowledge." Held, sufficient.

**4.—Removal of Cause—Petition.**

It is not necessary that a petition by a defendant for the removal of a cause from a State to a Federal court be sworn to when the facts authorizing the removal are disclosed by the pleading of the plaintiff.

**5.—Same—Filing Answer.**

The filing of an answer to the merits does not waive the right to have the cause removed to a Federal court if the applicant is otherwise entitled to the removal.

**6.—Same—Filing of Petition.—Presumption.**

When a petition and bond, in all respects sufficient under the law for the removal of a cause from a State to a Federal court, were filed in the State court on appearance day but the record did not show whether they were filed before or after the call of the appearance docket, it will be presumed that they were filed before said docket was called, as the law required, when, among numerous grounds assigned for the dismissal of said petition, it was not alleged that the same was not filed in due time, and the court specified other grounds for sustaining the motion to dismiss.

**7.—Same—Removal—Matter of Right.**

When a sufficient petition and bond for the removal of a cause from a State to a Federal court is duly filed, it thereupon becomes the duty of the State court to accept the petition and bond and proceed no further in the case.

Error from the District Court of Kent County.   Tried below before Hon. C. C. Higgins.

*Stephens & Miller,* for plaintiff in error.—The petition for removal was good without being sworn to, especially as the diverse citizenship was shown by the petition of the plaintiff.   Donovan v. Wells. Fargo & Co., 169 Fed., 363, and cases there cited.

The filing of an answer does not waive the right to remove a cause to the Federal court provided the petition and bond for removal are presented within the time allowed for pleading, as was done in this case.   Brisenden v. Chamberlain, 53 Fed., 307.

Time of filing petition for removal of cause to Federal court is not jurisdictional, and may be waived: Gerling, Admr. of Martin v. Baltimore & O. Ry Co., 151 U. S., 673 (Book 38, 311); Powers v. Chesapeake & O. Ry. Co., 169 U. S., 92 (Book 42, 673); Ayers v. Watson, 113 U. S., 594.

Act of March 20, 1893, requiring answer to be filed "before the call of the appearance docket" has been construed by this court to mean "before the case in which it is filed is reached on such call." Anderson v. Nuckles, 34 S. W., 184.

The court, on appeal, will not presume in support of the judgment of the trial court that facts not shown by the record existed where the record shows affirmatively on what the court acted.   Kimball v. Houston Oil Co., 100 Texas, 336.

*Woodruff & Yantis* and *Theodore Mack,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—W. S. Hancock, a resident of Kent County, instituted this suit against John S. Bilby, a nonresident of this State, to recovery certain tracts of land situated in Kent County,

and from a judgment in favor of the plaintiff the defendant prosecutes this writ of error.

On October 6, 1908, the same being appearance day, the defendant Bilby presented to the judge of the District Court his petition and bond for the removal of the cause to the Circuit Court of the United States for the Northern District of Texas. To this petition the trial court sustained a number of exceptions, and the defendant declined to make any further defense. The errors assigned, therefore, go to the action of the court in sustaining the exceptions urged and in declining to sustain appellant's petition for removal.

Section 3 of the Judiciary Act of March 3, 1875 (Federal Statutes, Anno., volume 4, 349), provides: "That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a State court to the Circuit Court of the United States, he may make and file a petition in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the Circuit Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court," etc. It thereupon becomes the duty of the District Court to accept such petition and bond and to proceed no further in such suit.

The time in which the defendant is allowed to answer by the laws of this State is prescribed by article 1263, of Sayles' Texas Civil Statutes, as follows: "In all cases in which the citation has been personally served at least ten days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed in the County and District Courts on or before the second day of the return term, and before the call of the appearance docket on said second day." The appellant was personally served in the present suit and it is not denied that the cause was a removable one under the Federal Statutes. The petition and bond appear to have been presented to the court on appearance day of the term, but whether before the call of the appearance docket or not, does not appear.

The first and second special exceptions sustained by the court attack the petition for removal because it does not appear to have been sworn to by appellant before any officer authorized to administer oaths in this State. The supposed vice consists in the omission by the notary, from the jurat attached to the petition, of the county for which she was appointed. Attached to the jurat, however, was the impress of a seal on which appeared the following: "Notary Public, County of Tarrant, Texas." In Lake v. Ernest, 53 Texas Civ. App., 555 (116 S. W., 865) the identical question was passed on by this court in a certificate of acknowledgement, and the certificate was held good.

We regard the third objection to the effect that the petition was sworn to on Sunday as being trivial; as well also the fourth, to the

effect that the affiant fails to state that the facts contained in his petition are true; the exact form of the affidavit being, "J. S. Bilby makes oath and says that he is the petitioner above named and that the foregoing petition is true to his own knowledge, and further affiant saith not." Besides, all of the objections presented by these exceptions are answered by the decision in Donovan v. Wells Fargo Company, 169 Fed., 363, holding that such a petition need not be sworn to at all.

The fifth special exception (so called) insists that, by filing an answer to the merits of the cause, appellant waived his right to have the same removed. But the right to remove is not thus limited in the Act authorizing removals; indeed, under our statute already quoted, the answer must have been filed before the call of the appearance docket. It follows from this that the court erred in every particular in sustaining the above exceptions.

But one question remains and that is, whether or not we are authorized to presume that the petition and bond were not filed before the call of the appearance docket, or that, for some other reason not shown in the record, the court properly overruled appellant's petition. It is of course the almost universal rule that error will not be presumed, but that the burden is on the appellant affirmatively to show such error as authorizes a reversal. It is also a rule in the appellate court that a judgment, correct on the merits, will not be reversed merely because the trial court gives an erroneous reason for his ruling, the error in such a case being harmless. But in the present case, giving strict adherence to this presumption and rule, we are yet unable to affirm the trial court's judgment. The rule is well established that where error is once shown it devolves upon the appellee, in order to avoid a reversal, to show affirmatively from the record that the ruling was harmless. Now, the appellant has overcome the presumption first referred to by showing that the court erred in sustaining the several special exceptions. We cannot say the judgment is right any way, since it does not affirmatively appear from the record that the petition and bond were not filed within the time prescribed by the statute, or that there was any other defect which would require the dismissal of the petition. The ruling, therefore, is not shown to be harmless. Furthermore, we think we should indulge the presumption that the petition and bond were filed within time (Kimball v. Houston Oil Company, 100 Texas, 336), or that the failure was waived (Gerling v. Baltimore & O. R. Co. (U. S.), 38 L. Ed., 311), since that objection has not been made, and the court states specifically the ground upon which he dismissed the petition. But, in view of the state of the record, the case is in no condition to be rendered; the judgment will, therefore, be reversed and the cause remanded for another trial.

*Reversed and remanded.*