### HOUSTON OIL CO. OF TEXAS et al. v. GOODRICH et al.*

(Circuit Court of Appeals, Fifth Circuit. October 4, 1915.)

#### No. 2748.

1. EVIDENCE ☞343—RECORD—DEED.
    In an action to recover realty, the record of a deed which was a link in the chain of defendant's record title was inadmissible, where the book containing the purported copy was one used for recording conveyances in a county which never had any constitutional existence, and where it did not purport to have been proven before the proper officers of such district, or other legal officer, within Act Jan. 6, 1844 (2 Gammel's Early Laws of Texas, p. 922), but was acknowledged before a notary public, who then had no authority to take acknowledgments of deeds.'
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 908–915; Dec. Dig. ☞343.]

2. APPEAL AND ERROR ☞1058—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
    In an action to recover realty, error, if any, in the exclusion of the record of a deed which was a link in the chain of defendant's title, even if regarded as legal evidence of the making of the deed, but recorded in a book not entitled to recognition, was harmless, where the grantor's later deed, from which plaintiff deraigned title, was in no way deprived of the precedence acquired by a prior record; Acts Tex. 1907, c. 165, validating the record of instruments not entitled to record, in terms not applying as against a prior recorded conveyance, under which an adverse claim to the land described in it was asserted during the first 10 years that the instrument was on record, and the acts of 1841 and 1860 (2 Gammel's Early Laws of Texas, p. 632; 4 Gammel's Early Laws of Texas, p. 1437), validating such instruments, referring to instruments not entitled to record found copied in a county book entitled to recognition as a legal public record.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. ☞1058.]

3. DEEDS ☞195—VENDOR AND PURCHASER ☞242—CONSIDERATION—GOOD FAITH—BURDEN OF PROOF.
    In an action to recover realty, the burden of proving that a deed to one under whom plaintiff claimed was unsupported by a valuable consideration, or that the grantee therein had notice of a prior conveyance by his grantor, was upon the defendants.
    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 584–586; Dec. Dig. ☞195; Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. ☞242.]

4. EJECTMENT ☞16—RIGHTS—INACTIVITY.
    In the absence of a statute, other than the ordinary statute of limitations in favor of adverse possessors, to that effect, the holder of the legal record title to land, not divested by another's adverse possession for a period sufficient to confer title, or in any other way recognized by law, is not deprived of the right to sue for a recovery of the land as a conse-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied November 19, 1915.

quence of the previous failure of himself and his predecessors to exercise the rights of dominion and possession which the title conferred.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 30–41; Dec. Dig. ☞16.]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action at law by Cornelia G. Goodrich and others against the Houston Oil Company of Texas and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, 213 Fed. 136, 129 C. C. A. 488.

H. O. Head, of Sherman, Tex., and Oswald S. Parker and T. M. Kennerly, both of Houston, Tex., for plaintiffs in error.

W. D. Gordon, Thomas J. Baten, Eugene E. Easterling, and H. M. Whitaker, all of Beaumont, Tex., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. 1. The evidence adduced in the trial now under review, bearing upon the issue as to the genuineness of the deed from the original grantee of the land sued for, Charles A. Felder, to John A. Veatch, which was a link in the chain of title asserted by the plaintiffs, was like that considered in the opinion rendered on the former writ of error (Houston Oil Co. of Texas v. Goodrich, 213 Fed. 136, 129 C. C. A. 488), in that it was not such as to require a submission by the court to the jury of the issue of forgery. There was no evidence which furnished substantial support for a finding against the genuineness of that instrument.

[1] 2. It seems that the court did not err in excluding the evidence offered as a record of a deed of Charles A. Felder to William A. Daniels, which was a link in the chain of the record title relied on by the defendants. The book containing the offered copy of the instrument was one which had been used for recording conveyances in the pseudo county or district of Menard, which never had any legal existence because of the constitutional invalidity of the statute which undertook to create it. The only statute to which we have been referred as having the effect of giving legal validity to such a record is an act of January 6, 1844 (2 Gammel's Early Laws of Texas, p. 922), which by its express terms is confined in its operation to "deeds, and other instruments of writing, which have been duly proven before the proper officers of such district, or other legal officers." The instrument in question did not purport to have been so proven; the acknowledgment of it having been taken before a notary public, an officer who at the time the deed purported to have been made did not have authority to take acknowledgments of conveyances of land.

[2] 3. Even if what was offered be regarded as legal evidence of the making of the deed of Felder to Daniels, the exclusion of that evidence was error without injury, unless Felder's deed of later date to Veatch, through which the plaintiffs deraigned title, was in some legal way deprived of the precedence which it acquired by its prior record.

A statute of 1907 (Acts 1907, p. 308, c. 165), which is relied on in this connection, does not have the effect which is sought to be attributed to it. That statute by its terms does not apply as against a prior recorded conveyance under which an adverse claim to the land described in it was asserted during the first ten years that the instrument needing validation was upon the record. It undertakes to validate the record of an instrument which, when it was registered for record, was not entitled to be recorded, because not duly proven, only when no claim adverse or inconsistent to that evidenced by such instrument shall have been asserted during that ten years. Sims v. Sealy, 53 Tex. Civ. App. 518, 116 S. W. 631. That the adverse and inconsistent claim under the prior recorded deed of Felder to Veatch was asserted within that time clearly appears from the public records, which show sales and conveyances of that claim by successive holders of it during that period. The plaintiffs in error can derive no benefit from the statute referred to, as the adverse and inconsistent claim of title based upon the same grantor's prior recorded deed to Veatch is shown by the public records not to have been dormant during the period mentioned by the statute. Two other statutes which have been referred to in this connection, one enacted in 1841 and the other in 1860 (2 Gammel's Early Laws of Texas, p. 632; 4 Gammel's Early Laws of Texas, p. 1437), each validating the record of instruments which, when they were registered for record, were not entitled to be recorded, plainly have reference to instruments found copied in duly authorized books of public record, and not to instruments found copied in a book, such as the Menard county book which was produced, not entitled to recognition as a legal public record, except in so far as such recognition has been provided for by statute.

[3] 4. The burden of proving that the deed of Felder to Veatch was unsupported by a valuable consideration, or that the grantee therein had notice of a prior conveyance by his grantor, was upon the defendants. Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. The evidence was not such as to warrant a finding by the jury that such burden was sustained.

5. No claim of the defendants to the land sued for, based upon a statute of limitations other than the five-year statute, was so supported by evidence of the required continuous and uninterrupted adverse possession for the prescribed period as to entitle the defendants to a submission of the issue to the jury. The evidence on the issue tendered as to adverse possession for five years was not such as to require a finding by the jury in favor of the defendants on that issue. The evidence bearing on that issue was submitted to the jury under instructions not subject to adverse criticism from the plaintiffs in error.

[4] 6. Much has been said in the argument of the counsel for the plaintiffs in error about the failure of the defendants in error and those under whom they claim to acquire possession of the land during the long period of the existence of the claim which is asserted by the suit. The only statute relied upon, or of which we are aware, other

than ordinary statutes of limitation in favor of adverse possessors, which purports to give to a grantee's failure to assert the right to land which a conveyance to him purported to confer the effect of impairing that right in favor of the holder of an inconsistent claim is the one of 1907 above mentioned, the terms of which, as above stated, make it inapplicable to the facts of this case. In the absence of a statute having such an effect, the holder of the legal record title to land, not divested by another's adverse possession for a period sufficient to confer title, or in any other way recognized by law, is not deprived of the right to sue for and recover the land as a consequence of the previous failure of himself or of his predecessors in title to exercise the rights of dominion and possession which the title conferred. The defendants having failed in their attack on the record title relied upon by the plaintiffs, they could not, without sustaining any of the asserted claims to the land sued-for which were based upon alleged adverse possession of it for periods sufficient to bar plaintiffs' right to recover, be entitled to hold it as against the plaintiffs because of the previous inactivity of the latter or of their predecessors in title in asserting their rights. In the absence of a statute having such an effect, the age of the record title to land, though unaccompanied by possession, does not, except in favor of an adverse possessor, impair the rights it confers on the holder of it, unless it has been divested, or the right to assert it has been lost or barred in some way provided for by law.

The conclusion is that the record does not show the commission of any reversible error, and the judgment is therefore affirmed.