CUMBY LIGHT & TELEPHONE CO. et al. v. PIERCE-FORDYCE OIL ASS'N.
(No. 7702.)

(Court of Civil Appeals of Texas. Dallas. March 17, 1917. Rehearing Denied April 14, 1917.)

1. JUDGMENT ⬅⟲251(1) — CONFORMITY TO PLEADINGS.

In an action for goods sold on open account, where defendants by answer alleged a contract under which the goods were sold, and the court found that the contract had been made, but had been broken by the defendants through failure to pay, a judgment for plaintiff for the reasonable value, independent of the contract, could not be sustained; there being no pleading of abandonment or breach of the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437.]

2. APPEAL AND ERROR ⬅⟲934(2)—SCOPE OF REVIEW—PRESUMPTIONS—JUDGMENT.

Where there is neither a statement of facts nor findings of the trial judge, the appellate court should presume in favor of the judgment that every fact essential to its correctness was proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777.]

3. APPEAL AND ERROR ⬅⟲931 (1, 2)—SCOPE OF REVIEW—PRESUMPTIONS—FINDINGS.

The rule as to presumption in favor of the judgment is not applicable to findings of fact and conclusions of law, since an appeal from them alone is possible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3762, 3763.]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by the Pierce-Fordyce Oil Association against the Cumby Light & Telephone Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

E. W. Merritt and H. C. Miller, both of McKinney, for appellants. James M. Muse and Mort W. Muse, both of McKinney, for appellee.

TALBOT, J. The appellee instituted this suit against the appellants, Cumby Light & Telephone Company, alleged to be a firm composed of F. H. Hartzog, and the said F. H. Hartzog, in the county court of Hopkins county, Tex., to recover' the sum of $539.10, with interest thereon, alleged to be due upon an open account for goods, wares, and merchandise sold and delivered from about the 1st day of March, 1914, to about the 20th day of April, 1915, as shown in an account attached to the petition. The defendant Hartzog filed a plea of privilege to be sued in the county of his residence, which he alleged was Collin county, Tex., and asked that the suit be transferred to that county. This plea was sustained, and the cause transferred to Collin county as prayed. On September 20, 1915, the defendants in said suit filed their first amended original answer, in which, after pleading general demurrer and general denial, they denied under oath that the said account was just and true in part, and set out in their answer the items alleged to be unjust and untrue and the amount that was due thereon. It was further alleged in said answer, so far as is necessary to state for the purposes of this appeal, that the items charged to be unjust and untrue in said account were sold and delivered to defendants by the plaintiff under and in accordance with a verbal contract made and entered into on or about March 1, 1914, whereby plaintiff agreed to sell and deliver to defendants at Cumby, Tex., for a period of one year from date, fuel oil necessary to run defendants' plant at an agreed price per gallon, and said oil as shown in said account was sold and delivered under said contract, and that defendants were not indebted to plaintiff, ex-

cept in the sum of $178.21, under said contract, which sum defendants in their answer tendered into court. The case was tried by the court without the aid of a jury on December 16, 1915, and resulted in a judgment in favor of the plaintiff for the sum of $558.-81. The appellants duly excepted and gave notice of appeal in said cause, and requested the court to file findings of fact and conclusions of law. This request was granted, and the following findings and conclusions filed:

"(1) That on or about the 1st day of March, 1914, the defendant F. H. Hartzog contracted with the plaintiff to buy No. 3 distillate oil at five cents per gallon for the purpose of operating his plant at Cumby, Tex., for one year, and plaintiff agreed to deliver said oil at Cumby for said price, and plaintiff delivered one car of oil under said agreement.

"(2) That defendant agreed to pay for said oil at the time of delivery or within a reasonable time after said delivery.

"(3) That defendant failed to pay for said car of oil within a reasonable time after delivery, and plaintiff refused to ship another car until said oil had been paid for.

"(4) That on or about the 1st day of March, 1914, the defendant employed one Aston Kendrick to run and manage his plant at Cumby with full power to buy and pay for such materials and merchandise that were necessary for the operation of said plant, and that said Kendrick ordered the oils and merchandise sued for herein, except the car of oil of $303.10, and received the same and used it in the running of said plant, and the prices charged therefor were either agreed on between plaintiff and the said Kendrick or were reasonably worth the price charged therefor; that all of said goods, wares, and merchandise were delivered within one year from the time of the original agreement between plaintiff and defendant Hartzog.

"(5) That said Kendrick paid all the bills that were paid for said defendant company by giving check on the defendant company; that the defendant Hartzog was at the plant very few times during the times the items were furnished, and knew very little, if anything, of the business during said time.

"(6) That if plaintiff had furnished the oils as it had agreed to do, that is, if the original agreement had been carried out, the amount due by defendant would be $178.21.

"(7) That defendant agreed to pay to plaintiff's attorneys the sum of $178.21, but never actually tendered the same to the plaintiff's attorneys; that plaintiff's attorneys' reply was that they would submit the matter to plaintiff for their decision, they would not advise them to accept it, and this ended the matter as to the tender; that defendant did not follow up their tender by paying the same into court.

"Conclusions of Law.

"(1) That the said Kendrick, as agent for defendant, had full authority to buy the merchandise set out in plaintiff's petition and bind defendant for the same. That it was necessary to have the said merchandise to run and operate said plant.

"(2) That defendant did not make a legal tender and follow it up.

"(3) That defendant is liable to the plaintiff for the amount sued for, to wit, $558.81, with interest.        H. L. Davis, County Judge."

[1] There is no statement of facts in the record, but appellants duly excepted to the trial court's conclusions of law and fact. The contention of the appellants is, in effect, that the pleadings in the case are insufficient to support the court's findings of fact, and

authorize the judgment rendered against them. This contention, we think, must be sustained. The appellee's suit, as has been shown, was based on an open account, the petition alleging that the merchandise therein mentioned, consisting of distillate oil, had been sold and delivered to the appellants in consideration of the several sums of money charged therefor in said account specified. The appellants pleaded in defense that the items of merchandise stated in the account had been sold to them under and by virtue of a contract by which the price of the same had been agreed upon, and which were much less than those charged therefor in said account. The court found as a fact that the contract as alleged by appellants had been entered into by the parties; that it was to continue in force for the period of one year, and that the merchandise involved in the suit was delivered within a year from the time of the original agreement; that appellants promised to pay for the merchandise so sold the price agreed upon at the time of its delivery or within a reasonable time after delivery; that appellants failed to pay for the merchandise within a reasonable time after its delivery, and that appellee refused to make further shipment until the goods already shipped had been paid for. The court also found, as will be observed, that the merchandise in question was ordered by the manager of appellants' plant, who was authorized to buy and pay for the same, but manifestly the judgment rendered is predicated upon the findings stated to the effect that appellants had abandoned or breached the contract entered into for the sale and purchase of the goods and were liable for their value, independently of and apart from said contract. In the state of the pleadings this was error. There is no pleading in the case raising the issue of abandonment or breach of the contract upon which appellants claim the goods were bought, and without such pleading testimony of such abandonment or breach was inadmissible, and, being admitted, furnished no basis for a judgment. That a judgment must be supported by both allegations and proof is too well settled to require the citation of authority to support the proposition. The absence of either is fatal to the judgment. The court did not make a specific finding that the appellants bought the merchandise, the price of which is sued for in this action, upon account, and not upon the contract alleged by appellants, but evidently, as before stated, based the judgment rendered upon the findings filed to the effect that said contract had been breached by appellants.

[2, 3] It is the well-established general rule that, where there is neither a statement of facts nor findings of the trial judge, the appellate court should presume in favor of the judgment that every fact essential to its cor-

rectness was proved, but this rule "is not applicable here, because the law authorizes an appeal upon such findings alone, and generally entitles the appellant, who," as in the present case, "has properly excepted to them, to have the correctness of the legal conclusions on which the judgment rests tested by the facts stated as their basis." Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852, and cases therein cited. It is apparent that in the case at bar the trial judge stated affirmatively the facts and the state of the evidence from which his conclusions of law were drawn, and held that, because of the breach of the contract upon which appellants alleged the merchandise was bought, appellee was entitled to recover the full amount for which it sued. There being no pleading authorizing the judgment rendered upon such conclusions, the same will be reversed, and the cause remanded.

Reversed and remanded.