60  151
80  498

FREDERICK BREMER v. JOHN CASE AND A. DEFFENBAUGH.

(Case No. 1419-4476.)

1. INNOCENT PURCHASER.— Plaintiff in trespass to try title relied on a chain of title from the sovereignty of the soil, the deed to him being over twenty years old, containing a recital that the purchase money had been paid. The defendant showed a chain of title to himself complete from the sovereignty of the soil, and claimed under deed older in date and in registration than plaintiff's, but junior to a remote link in plaintiff's chain, not recorded for more than twenty years after its execution, and after the execution and registration of the entire chain to defendant. *Held,*

(1) The recitals in plaintiff's deed that the purchase money had been paid were not sufficient evidence to establish that fact so as to constitute him an innocent purchaser.

(2) The payment of the money should have been proved otherwise than by the recitals in the deed.

(3) Though the deed was over twenty years old, the payment of purchase money will not be presumed when the claim of title has not been accompanied with possession; especially is this true when the money, if paid, was paid by the plaintiff himself, who was a witness.

(4) The doctrine of stale demand has no application.

(5) Distinguished from Johnson v. Newman, 43 Tex., 628.

(6) A judgment for defendant was proper in the absence of any evidence to show payment of purchase money, except such as appeared from the recitals of the plaintiff's chain of title.

APPEAL from Bexar.   Tried below before the Hon. G. H. Noonan.

August 4, 1879, Bremer sued Case, Hardy and Deffenbaugh, in trespass to try title, in the district court of Bexar county, to recover three hundred and twenty acres of land originally granted to J. De Cordova.   The cause having been dismissed as to Hardy, and Case having disclaimed, it was heard by the court, no jury being demanded, upon the issues joined between Bremer and Deffenbaugh as to the title to two hundred and twenty acres of the three hundred and twenty; Deffenbaugh having disclaimed as to one hundred acres of the land sued for.   Judgment for the defendant Deffenbaugh.

The deed under which defendant claimed was prior in point of execution and registration to the deed under which plaintiff claimed, but junior to a remote link in plaintiff's chain, not recorded for more than twenty years after its execution and after the execution and registration of the deed and chain to defendant.

*John Ireland,* for plaintiff in error.

*Wooldridge & Fisher,* for defendant in error, cited Johnson v. Newman, 43 Tex., 642.

WILLIE, CHIEF JUSTICE.— The first error assigned — which is the the only one we deem it necessary to notice — is: "The court erred in rendering judgment for the defendant, the plaintiff having shown a complete chain of title from the sovereignty of the soil, and the defendant having failed to prove the payment of a valuable consideration, so as to make him an innocent purchaser without notice."   We think this assignment well taken.   "To entitle a subsequent vendee to have a prior unregistered conveyance postponed to his subsequent conveyance it must appear: 1st. That he was a purchaser *bona fide.*   2d. That he purchased without notice, actual or constructive, of the title of the prior vendee.   It must appear that the purchase money was *bona fide* and truly paid; a re-

cital of that fact in the deed is not sufficient. It must be proved by evidence independently of the recitals in the deed." Watkins *v.* Edwards, 23 Tex., 448. See, also, Hawley *v.* Bullock, 29 Tex., 222; Lacoste *v.* Odam, 26 Tex., 458.

To say nothing of the failure to prove want of notice of the prior unrecorded deed against which Deffenbaugh set up the defense of innocent purchaser, there was no evidence that either he or his vendee had ever paid any portion of the purchase money. It is urged that so great a length of time has elapsed since the deeds to Deffenbaugh and his vendor were made that payment of the purchase money will be presumed. We know of no authority for this view of appellee's counsel, and none is cited in their brief; and it would seem especially noticeable in this case, when the fact of the payment of the money to Kincheld should have been within the knowledge of the appellee, as he must have paid it himself. He was a witness in his own behalf, and could easily have stated whether or not he paid the purchase money recited in the deed to have been received from him, although the transaction had occurred more than twenty years before. He could at least have given his best recollection about the matter.

The question of stale demand did not enter into the case. Deffenbaugh had never been in possession of the land. He did not even record his deed from Kincheld for more than twenty years after it was executed, and Bremer, so far as the proof shows, was wholly ignorant of any claim to the land on his part until about two months before he filed this suit. The plaintiff in this case holding, as he does, a legal title, and seemingly the best right to the land, stands in a very different attitude from the appellants in the case of Johnson *v.* Newman, 43 Tex., 628, cited as authority in the brief of appellee's counsel. There the plaintiffs sought equitable relief against what was apparently the better title of the defendant, and it was properly held that the burden was on them to show a failure to pay the purchase money or other defects or want of equity in the title they had attacked.

For the error of the court as indicated above the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 12, 1883.]