### J. D. ROGERS ET AL. v. W. A. PETTUS ET AL.

#### No. 2924.

**1. Bona Fide Purchaser Without Notice.**—A holder of a junior deed for land to recover against the holder of the older title must prove payment of the purchase money and absence of notice of the older conveyance.

**2. Archives of Land Office.**—Paragraph 5 of article 57, Revised Statutes, does not apply to private papers deposited in the Land Office. It relates only to documents deposited in accordance with some law of the Republic or State of Texas. See example.

**3. Certified Copies—Statute Construed.**—Article 2253, Revised Statutes, authorizing the heads of departments, etc., to give certified copies of documents or records of their offices to be used as if the originals, applies only to such papers as are required or permitted by law to be filed in the several offices therein named.

**4. Presumptions from Great Lapse of Time.** — If it should be conceded that the recitals in the ancient deed of the payment of the purchase money would be presumed, still such presumption will not be indulged that the purchaser did not have notice of the older deed.

**5. Irrelevant Testimony.**—See facts held irrelevant as not tending to prove payment of the purchase money.

ERROR from Goliad.    Tried below before Hon. H. Clay Pleasants.
The opinion contains a statement.

*Fly & Hill,* for plaintiffs in error.—1. After a lapse of over thirty years the deed from Westover to Richardson proved itself; it proved not only its execution but its recitals; and with the antiquity of the deed, nearly fifty years, proof of the payment by Richardson of surveyor's fees, the payment by his agent (Faircloth) of government dues in 1841, and the continued exercise of ownership, it should be presumed that the recital in the deed that the purchase money was paid is true, and the court erred in not adjudging that this deed had precedence over a subsequent deed not recorded until many years afterward.

2. The judge erred in holding that the payment of purchase money by Richardson to Westover was not sufficiently proved, and thereupon rendering judgment in favor of the defendant holding under a subsequent (should be older) deed, the proof showing that plaintiffs would inherit from Daniel Richardson independent of all wills and probate records.

*Lane & Mayfield*, for· defendants in error.—To postpone ·a 'prior un-· registered conveyance in favor of a subsequent vendee it must appear that he had *bona fide* paid the purchase money, and had neither actual nor constructive notice of the title to their prior vendee.   The recital of the payment of the purchase money·in the deed of the subsequent vendee is not evidence against the prior purchaser, and that where there is no actual possession of the land payment of the purchase money can not be presumed from the lapse of time.   Watkins v. Edwards, 23 Texas, 443; Lacoste v. Odam, 26 Texas, 458; Mitchell v. Marr, 26 Texas, 331; Hawley v. Bullock, 29 Texas, 217; ·Man v. Falcon, 25 Texas, 274; Beaty v. Whitaker, 23 Texas, 528; Fletcher v. Ellison, Posey's U. C., 671.

No presumptions from.the lapse of time will be indulged of the payment of the purchase money.   Bremer v. Deffenbaugh, 60 Texas, 152; Dillard v. Tefener, 70 Texas, 140.

STAYTON, CHIEF JUSTICE.—This is an action by appellants to recover four hundred and ninety acres of land, an undivided interest in one-third of a league patented .to Jonathan Westover in September, 1841.

On October 12, 1841, Westover conveyed the entire one-third of a league to J. P. Borden, through whom appellees claim.   That deed, however, was not recorded until November 30, 1858.   On September 1, 1842, Westover conveyed to.D. L. Richardson the undivided interest now sued for; and, without reference to the will of Richardson and partition claimed to have been made thereunder, it may be conceded that appellants show such right·as would entitle them, or some of them, to recover if Richardson could recover were he the plaintiff, for if his will be disregarded they could claim as heirs.

The will and proceedings in partition were excluded on objection, and the rulings are assigned as error.

If there was error in this, a matter we do not undertake to decide, it was harmless, unless the excluded evidence would have tended in some degree to prove that. Richardson paid valuable consideration for the land without notice of the prior conveyance from Westover to Borden. The evidence excluded would not have tended to prove either of these facts, and at most would only have tended to show assertion of claim to the land by the devisees under Richardson's will.   Appellants were plaintiffs and the burden was on them to prove these facts.   There was no direct evidence offered tending to show either that Richardson paid value for the land or that he purchased without notice of the prior conveyance, and no evidence either direct or circumstantial was offered tending to show the latter fact.

The deed to Richardson recited a consideration of $500 paid, and on the trial, evidently for the purpose of corroborating that statement, appel-

lants proposed to introduce in evidence a certified copy from the General Land Office of a power of attorney from Westover to Richardson empowering the latter to pay the government dues on his headright, one-third of a league of land, and "to pay the commissioners of the county where he may locate his said headright of land or other proper authority in said claim for the government fee."

That instrument bore date February 1, 1838, and was witnessed by two witnesses, and on it, of same date, was written the affidavit of Westover to the effect that he "had not paid any government dues on any land in audited military claims against the Republic of Texas theretofore, either myself or agent."

On the same paper was written the following:

"Treasury Department, Office of Commissioner of Review,
                        "Austin, September 8, 1841.

"This is to certify that W. Faircloth has paid the taxes due the Republic of Texas in full upon one thousand four hundred and seventy-six acres of land lying in the county of Goliad.
                     "E. Lawrence Stickney,
                       "Commissioner of Review."

Certified copies of these writings were objected to on the ground that they were mere private papers, not required or authorized to be filed in the General Land Office, and therefore not susceptible of proof by certified copies from that office, and these objections were sustained.

It is contended that paragraph 5 of article 57, Revised Statutes, gives to such papers when filed in the General Land Office the character of archives, which may be proved by certified copies from that office, but we think that proposition can not be maintained. None of these papers were "deposited or filed in the General Land Office in accordance with any law of the Republic or State of Texas," but were, as contended by the adverse party, simply private papers.

Article 2253, Revised Statutes, evidently only applies to such papers as are required or permitted by law to be filed in the offices of the several officers therein named, and they have no authority to issue certified copies, entitled to be used in all cases in which the originals could be, unless the papers be under the law archives of which such officers are made the custodians.

It is contended, however, that from lapse of time it ought to be presumed that Richardson did pay a valuable consideration for the land, and there is no doubt that as between a debtor and creditor a presumption of payment will arise from lapse of time, but whether such a presumption can arise between a prior and subsequent vendee when the latter is seeking to defeat the title of the former on the ground of his failure to record his deed until after the second conveyance by the common grantor, we need not consider in this case; for if such a presump-

tion may be indulged in such a case, a court would not be authorized on that to found the further presumption that the second vendee did not have notice of the first conveyance at the time he took the conveyance to himself.

In Bremer v. Deffenbaugh, 60 Texas, 152, it was intimated that in such a case presumption of payment would not be indulged from mere lapse of time.

It would seem that, in cases in which parties to transactions have died, and no direct proof can be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that the subsequent purchaser paid a valuable consideration the presumption might be indulged that he bought without notice of the prior convey-ance; for it is not consistent with the ordinary conduct of men, who must be supposed to act with reference to their own interest, that a valuable consideration should be paid for that which the purchaser knows does not belong to the seller.

The fact that Faircloth was shown to have been the agent of Richard-son in some matters prior to the date of the deed from Westover to Rich-ardson had no practical bearing on the question of payment of the pur-chase money when considered alone.

We find no evidence that would have justified the court in finding the two issues on which the decision of the case rested in favor of the plaint-iffs, and the judgment must be affirmed.

*Affirmed.*

Delivered March 27, 1891.