## M. McAdoo v. John T. Williams et ux.

### Decided March 24, 1909.

**Trespass to Try Title—Confession and Avoidance—Mortgage of Homestead—Proof of Consideration.**

Where, in trespass to try title, the defendants plead that the land in which plaintiff claimed an interest was and for many years prior thereto had been their homestead, and that the deed under which plaintiff claimed was in fact a mortgage, held:

(1) In order to meet such issue plaintiff should have plead that he was an innocent purchaser of said land for value by reason of the deed executed by defendants.

(2) A mortgage upon the homestead is a nullity and should be so adjudged without requiring the mortgagor to pay the debt.

(3) The recital in the deed was not enough to prove payment of the consideration named therein.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Stewarts* and *Geo. T. Burgess,* for appellant.—When it is attempted to establish a parol trust upon a written instrument, such trust must be established with clearness and certainty, and such trust is not established with clearness and certainty by the testimony of the *cestuis que trust* uncorroborated by other testimony, or by circumstances surrounding the parties at the time of execution of the instrument. Miller v. Thatcher, 9 Texas, 485; Neil v. Keese, 5 Texas, 29; Meade v. Randolph, 8 Texas, 191; Cuney v. Dupree, 21 Texas, 219; Grooms v. Rust, 27 Texas, 235; Johnson v. Delaney, 35 Texas, 50; Hodges v. Johnson, 45 Texas, 572; Mabry v. Buge, 44 Texas, 283; Association v. Brewster, 51 Texas, 263; Railway Co. v. Garrett, 52 Texas, 139; Goodrich v. Hicks, 48 S. W., 798; Miller v. Yturria, 69 Texas, 555; Markham v. Carothers, 47 Texas, 28; Hamilton v. Flume, 2 Posey,

696; Foche v. Buchanan, 59 S. W., 820; 1 Jones on Mortgages, sec. 335 (3d ed.).

Parol evidence is admissible to prove that a deed absolute on its face was intended by the parties as a mortgage, but both the parties must so intend or agree, otherwise the instrument will be what it purports to be. Webb v. Burney, 70 Texas, 324; Davis v. Brewster, 59 Texas, 96; Brewster v. Davis, 56 Texas, 480; Coker v. Roberts, 71 Texas, 600.

The judgment of the court is erroneous, because the defendants were not required to do equity by paying to plaintiff two hundred dollars ($200) as a condition precedent to declaring the deed to be a mortgage. Pearson v. Cox, 71 Texas, 250; 1 Jones on Mortgages, sec. 336 (3d ed.); 1 Story Eq. Jur., sec. 64e (12th ed.).

*Joseph Cuney,* for appellees.

JAMES, CHIEF JUSTICE.—The petition of McAdoo was in the ordinary form of trespass to try title, alleging that plaintiff owned an undivided half of a certain lot in Galveston, and that defendants Williams and wife owned the other half, and prayed for judgment for title and possession of plaintiff's half and for partition.

Defendants pleaded not guilty; a general denial, that the land sought to be partitioned was and had been defendants' homestead for twenty years; that on or about July, 1900, defendants, being indebted to Wm. H. Smith, an attorney at law, for legal services in the sum of $200, executed to said Smith a mortgage to secure same, which was in the form of a deed to an undivided half of the lot, which deed was intended by all parties to constitute a mortgage only; that the plaintiff McAdoo purchased the said mortgage interest from Smith in their homestead and he has no other claim, right or title in the land except that which he acquired from Smith; and that whether the deed is a deed or a mortgage the court can only ascertain the fact, "for it is estopped by the Constitution and the decisions of our Supreme Court from decreeing a partition of defendants' homestead to satisfy either claim."

Plaintiff filed no further pleading and did not plead that he was entitled to be protected because he was a purchaser in good faith, and for value, from Smith, which would seem to be necessary in order to raise such an issue in view of the special pleading by the defendants. (Rivers v. Foote, 11 Texas, 662.)

However this may be, there was not sufficient testimony to show that McAdoo stood in the attitude of an innocent purchaser from Smith. The recital in the deed was not enough to prove payment of the consideration expressed. (Bremer v. Case, 60 Texas, 151; Sickels v. Epps, 8 S. W., 124.) Besides, there were circumstances in the evidence which tended to show that McAdoo was a simulated and not an actual purchaser.

The case was tried by the judge, who gave a general judgment for the defendants, without any findings of fact. The testimony showed that at the time of the execution of the deed to Smith by Williams and wife the property was occupied by the latter as their home, and

that this has been its use ever since; and the testimony was amply sufficient to warrant the finding that the deed was not intended by the parties to it as a conveyance, but only as security for a debt. The deed having been found to be a mortgage in fact, it was a nullity, and there was no error in adjudging the land to defendants, without requiring them to pay the debt. The judgment is affirmed.

*Affirmed.*

Writ of error refused.