STARR et al. v. BROOKS et al.　(No. 2273.)

(Court of Civil Appeals of Texas. Texarkana. May 26, 1920. On Motion for Rehearing, June 24, 1920.)

1. Tenancy in common ⊛45—Conveyance of specific part, ratified by cotenant, operates as partition.

When one tenant in common conveys a specific part of the common property, the conveyance may be ratified by the other cotenant and made to operate as a partition or conveyance in severalty, and the nonconveying tenant may recognize such deed by conveying in like manner the remainder of the common property by metes and bounds.

On Motion for Rehearing.

2. Vendor and purchaser ⊛245—Whether junior purchase was in good faith and for value held for jury.

In trespass to try title, where plaintiffs claimed under a deed conveying an undivided half interest executed in 1848, and defendants claimed under a deed executed in 1846, but not recorded until 1853, evidence of assertion of title by plaintiff's predecessors in interest for more than 70 years, with payment of taxes and active steps towards protecting the lands from trespass, held sufficient to require the submission to the jury of plaintiff's purchase in good faith for a valuable consideration without notice of the first conveyance.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by Mrs. Clara C. Starr and others, against B. H. Brooks and others to recover realty. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for another trial.

F. H. Prendergast, of Marshall, and A. G. Greenwood, of Palestine, for appellants.
N. B. Morris and Mills Reeves, both of Palestine, for appellees.

HODGES, J. The appellants filed suit in the court below to recover of the appellees 800 acres of land described as a part of the Polly Scritchfield league, situated in An-

derson county. This appeal is from a judgment in favor of the defendants below, based upon a peremptory instruction given by the court. The facts show that Augustus Hotchkiss is the common source of title. Hotchkiss conveyed an undivided half interest in the property in 1846 to J. P. Smythe. Smythe's deed was not recorded until November 30, 1853. The appellees claim under Smythe. Hotchkiss conveyed the entire tract of land in 1848 to A. H. Donaldson, under whom the appellants claim title.

The first question is: Which of these conveyances should have priority? Under the statute of 1840, which then governed the registration of deeds, a junior purchaser, in order to postpone a prior unrecorded deed, had the burden of proving that he purchased in good faith, for a valuable consideration, and without notice of the first conveyance. Ryle v. Davidson, 102 Tex. 230, 115 S. W. 28. Appellants contend that the act of 1841 is the law that should be here applied, and that this statute changed the rule imposed by the act of 1840. The act of 1841 will be found in volume 2, page 627, of Gammel's Laws of Texas. After carefully considering that act, we are of the opinion that it did not modify the controlling part of the act of 1840, or in any way alter the rule above stated. The case of Ryle v. Davidson involved a junior conveyance made in 1846, and the question before the court was: Should it have priority over an unrecorded deed made in 1835? Without discussing the act of 1841, the Supreme Court applied the law of 1840, thereby holding that it should control as to deed executed at that time. The important facts in that case are not materially different from those here involved.

Appellants concede that there was no direct evidence to show that any of those claiming under the conveyance to Donaldson had paid a valuable consideration, or had purchased without notice of the Smythe deed; but they insist that there are circumstances disclosed in the evidence which would have authorized the jury to find those essential facts. The circumstances were, in substance, the payment of taxes practically every year by the claimants under Donaldson, the ejection of trespassers, and their actual claim of ownership. It appears that none of the parties were ever in actual possession of any portion of the tract of land, but that some of those who claimed under the Donaldson deed had brought suit and ejected trespassers. It was also shown that the appellants and those under whom they claimed had paid all the taxes, and that the appellees had never reimbursed them, or offered to reimburse them, for any part of the money so paid. It is true, as stated in the case of Holland v. Nance, 102 Tex. 181, 114 S. W. 346, that proof of the payment of a valuable consideration and a purchase without notice of a prior unrecorded deed may be made by circumstances. But the circumstances here relied on are not sufficient to supply that proof. The lapse of a great length of time alone has never been held to be a circumstance strong enough to meet the requirements of the statute. Rogers v. Houston, 60 S. W. 447; Rogers v. Pettus, 80 Tex. 427, 15 S. W. 1093; Bremer v. Case, 60 Tex. 152. In the last case referred to the court held that where the parties to the transaction had died, and no direct proof could be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that the subsequent purchaser paid a valuable consideration, the presumption might be indulged that he paid without notice of a prior conveyance. But in this case there is no evidence that any of the purchasers of the Donaldson title ever paid a valuable consideration, and hence no basis for the presumption referred to above. It is true the holders of the Donaldson title paid the taxes; but, being the owners of an undivided half interest, it was their duty to keep the taxes paid. They also had the right to eject trespassers from the premises. Such conduct was not inconsistent with the title which they had a legal right to assert. It is that situation which distinguishes this case from that of Holland v. Nance.

[1] Appellants further contend that under the conveyance to Donaldson they became owners of at least an undivided half interest in the land, and in the trial below should have had a judgment for title to that interest. It is conceded that some time prior to the institution of this suit the appellants had sold off to third parties 875 acres of the common property, describing the tracts conveyed by metes and bounds. Approximately 800 acres, or less than half, is all that remained of the original grant. Appellants, in effect, assert the proposition that, notwithstanding they had sold for their own exclusive benefit more than one-half of the common property, they were entitled to share equally with the appellees in the remainder. We do not agree to that contention. When one tenant in common conveys a specific part of the common property, that conveyance may be ratified by the other cotenant, and thus made to operate as a partition or conveyance in severalty. The nonconveying tenant may recognize such a deed by conveying in like manner the remainder of the common property by metes and bounds; and when this is done it practically amounts to a partition of the land, and both deeds may be treated as effective. 7 R. C. L. pp. 882, 883, and cases cited in the notes. When the appellants conveyed more than their half of the common property, they had no right to demand and re-

ceive any portion of the remainder, without alleging and proving that the portion they conveyed was less valuable than that which remained. The original petitions in this case were in the form of an action of trespass to try title, and the pleas were "not guilty." The appellees, as defendants, were therefore not required to specially plead any equitable rights to entitle them to defeat the claim of the appellants. There was no proof offered that one portion of the land was more valuable than another, or what was the value of any portion of the land. It appears that the tract here sued for was uninclosed, and not in the actual possession of any claimant.

A decision of these questions, we think, settles this controversy, and the judgment is affirmed.

### On Motion for Rehearing.

[2] We have concluded, upon further consideration, that the facts of this case, so far as they relate to the circumstances tending to show a purchase for value and without notice of the senior conveyance to Smythe, cannot be distinguished from those which controlled the Supreme Court in disposing of the case of Holland v. Nance, above referred to. While the conditions are different in the respects pointed out in the original opinion, the difference is not such as to destroy the probative force of material circumstances from which a purchase for value and without notice might have been inferred. The evidence shows that for more than 70 years those claiming under the Smythe conveyance, made in 1846, asserted no title to the land and undertook to exercise no acts of ownership over it. The evidence further shows that during all that time those claiming under the junior conveyance to Donaldson did assert title, and a part of the time took active steps towards protecting the land from trespassers. There is nothing to indicate that their claim was less than what it purported to be—title to the entire interest. It further appears without dispute that those who could have testified to the bona fides of the purchase from Hotchkiss, the common source, were dead; and the only method by which the appellants can now establish those essential facts is by resort to the circumstances attending the conveyance and the subsequent claims of the parties. While the circumstances relied on are not conclusive evidence of those essentials required to establish the appellants' title, they are such that the jury might take into consideration in determining that issue.

For the reasons stated we feel that justice requires that this case be reversed, and the cause remanded for another trial, and it is accordingly so ordered.