## MARSHBURN et al. v. STEWART et al. (No. 427-3793.)

(Commission of Appeals of Texas, Section A. Oct. 24, 1923.)

**1. Husband and wife ⬢⟞273(10) — Heirs of childless husband must prove claim to separate estate in land acquired during coverture and notice of their rights to purchaser from heirs of surviving wife.**

In an action to recover land purchased by plaintiff for a valuable consideration from the heirs of the widow of a childless nonresident, to whom it was conveyed during coverture, the burden was on defendants, claiming as heirs of the husband's separate estate under the law of the state of his residence, to show the superiority of their title, and that plaintiff, when he purchased, had notice of their rights or of facts sufficient to put him on inquiry; the widow being the sole heir of the husband's interest in their common property under the laws of Texas (2 Gammel's Laws, p. 178, § 4).

**2. Husband and wife ⬢⟞273(10)—Purchaser from heirs of surviving wife held not charged with knowledge of law of foreign state of which husband was a resident.**

One purchasing land from heirs of the surviving wife of a nonresident, who acquired it during coverture, was not charged with knowledge or put on inquiry as to claims of the husband's heirs under the law of the state of his residence merely by knowledge of such residence at the date of purchase, and, in the absence of information as to the law of such state, was justified in presuming it the same as the law of Texas.

**3. Appeal and error ⬢⟞842(1)—Due diligence in inquiry as to basis of adverse claims held question of fact for trial court or jury.**

Whether one purchasing land from the heirs of the widow of a childless nonresident, with knowledge of the assertion of claims by the husband's heirs under the laws of the state of his residence, exercised due diligence in pursuing his inquiry as to the basis of such claims, held a question of fact for the trial court or jury.

**4. Husband and wife ⬢⟞273(10)—Possession of tenant held not constructive notice to purchaser of basis of adverse claims.**

Possession of land by a tenant of one claiming under the heirs of the widow of a nonresident acquiring it during coverture, as well as under the latter's heirs, held not constructive notice to a purchaser from the widow's heirs

of the basis of the husband's heirs' claim to superior title under the laws of the state of his residence; the burden being on them to show notice of the basis of their claim to the purchaser prior to his purchase before he could be considered lacking in diligence for failing to make inquiry of such tenant.

**5. Appeal and error ⬢⟞1094(5) — Supreme Court cannot reverse judgment of Court of Civil Appeals, reversing judgment on facts and remanding for retrial.**

The Supreme Court cannot reverse a judgment of the Court of Civil Appeals reversing a judgment on the facts and remanding the case to the district court for retrial of an issue of fact.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by L. H. Marshburn and others against Sidney Stewart and others. Judgment for plaintiffs reversed and remanded by Court of Civil Appeals (240 S. W. 331), and they bring error. Affirmed, with directions.

W. D. Gordon and Oswald S. Parker, both of Beaumont, for plaintiffs in error.

H. O. Head, of Sherman, Coleman & Lowe, of Woodville, Kennerly, Williams, Lee & Hill, of Houston, and Orgain & Carroll, of Beaumont, for defendants in error.

GALLAGHER, P. J. L. H. Marshburn, plaintiff in error, instituted suit in the district court of Tyler county, Tex., against Sidney Stewart and others, defendants in error, to recover 3,873 acres of land, a part of the George T. W. Collins league situated in said county. The other plaintiffs in error claim under him. Reba A. Gaines and others, claimants of the remainder of said league, none of which was ever held or claimed by Cyrus S. Aiken, were made parties defendant in the suit. The land sued for was conveyed by David O. Warren to Cyrus S. Aiken on the 10th day of January, 1842, by warranty deed reciting a cash consideration of $4,000. The deed was acknowledged in San Augustine county, Tex. At the time Cyrus S. Aiken acquired said lands he was married to Mrs. Mildred Aiken, and resided with her in the state of Alabama, and continued to so reside until his death. He died on the 10th day of January, 1843, and his said wife died on the 7th day of July, 1843. Neither Cyrus S. Aiken nor his wife, Mildred Aiken, ever had any children. It was agreed on the trial that said Marshburn had, prior to November 1, 1918, acquired for a valuable consideration duly paid conveyances from the heirs of Mildred Aiken to 78 per cent. of the land sued for, and that the Houston Oil Company one of the defendants in error, had prior to the trial acquired 22 per cent. of the title, if any, of said heirs.

It was also agreed that Marshburn held $^{77}/_{80}$ of the one-third interest in said lands inherited by William Aiken, a brother of Cyrus S. Aiken, and the four-ninths of the one-third interest in the said lands inherited by Jane Love Aiken, a sister of Cyrus S. Aiken, and that the defendants in error held the remaining interest of said heirs in said land.

A trial before the court resulted in a judgment in favor of plaintiffs in error for 78 per cent. of the 3,873 acres of land sued for and for the fractional interest aforesaid in the remaining 22 per cent of said land, and a judgment apportioning the remainder of said land among the defendants in error. The judgment further awarded to Reba A. Gaines and others all of the Collins league except the 3,873 acres thereof conveyed by David O. Warren to Cyrus S. Aiken. Defendants in error appealed. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for another trial. 240 S. W. 331. On motion for rehearing by Marshburn and his associates appellees in the Court of Civil Appeals, that court affirmed the judgment of the trial court in so far as it awarded to Reba A. Gaines and others all of said Collins league except said 3,873 acres, and rendered judgment in favor of L. H. Marshburn, W. D. Gordon, J. B. Hooks, and Oswald S. Parker for an undivided interest of 1,816 acres, the same being their agreed fractional interest under said heirs of Cyrus S. Aiken as aforesaid in the whole 3,873 acres of land, and reversed the judgment of the trial court in so far as it awarded to said Marshburn and his associates more than 1,816 acres of land, and remanded the cause for another trial on the remaining issues in the case. The Supreme Court granted a writ of error to the Court of Civil Appeals, and its judgment reversing and remanding the cause is before us for review.

[1] The land involved in this suit was acquired by purchase during the existence of the marriage between Cyrus S. Aiken and Mildred Aiken. There is nothing in the face of the deed to show that the consideration paid therefor was the separate property of Cyrus Aiken. There is nothing in the face of the deed to show that he was a citizen of Alabama at the time. Cyrus S. Aiken died before his wife. Since he never had any children, under our law she was the sole heir of all his interest in their common property. The legal title to all common property in his name in this state passed by inheritance to her at his death. 2 Gammel's Laws, p. 178, § 4. She, and after her death her heirs, apparently had a good legal fee-simple title to said land. Marshburn acquired the interest therein asserted by him by conveyances from such heirs. He paid a valuable consideration therefor, the sufficiency of which is not questioned in this case.

Defendants in error proved that under the laws of the state of Alabama the title to all money and other personal property owned by the wife at the time of her marriage or acquired by her in any way thereafter during the existence of such marriage vested in her husband absolutely as his separate property. They further proved that the possession by Aiken of the money paid by him to Warren in the purchase of the land involved in this suit and his payment of the same to said Warren therefor was prima facie evidence of absolute ownership of such money by said Aiken, and prima facie evidence that his wife, Mildred Aiken, had no interest of any kind therein. The trial court under said proof and the facts above recited held that said land, though apparently common property of the marriage between Cyrus S. Aiken and Mildred Aiken, was in fact the separate property of said Cyrus S. Aiken, and that the real legal fee-simple title thereto at his death descended to the heirs of his separate estate. The Court of Civil Appeals approved this finding. The heirs of his separate estate under our law of descent and distribution at the time were his brothers and sisters under whom defendants in error claimed. Based on this holding the Court of Civil Appeals further held that the burden was on Marshburn to show that he was an innocent purchaser for value before he could recover on the apparent title held by him against the real title held by defendants in error. The Court of Civil Appeals in arriving at such conclusion seems to have applied the rule concerning the burden of proof in a contest between a junior purchaser of land and the holder of the superior title thereto under a prior unrecorded deed, announced by the Supreme Court in Rogers v. Pettus, 80 Tex. 425, 15 S. W. 1093. The rule so announced seems to be the settled law of this state in such cases. It was approved by the Supreme Court in the case of Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852, but in that case the court explained that the reason for such rule is found in the language of our registration statutes (R. S. art. 6824), and that under the law as it existed prior to the passage of said statute the burden of proof in such cases rested on the holder of the prior but unrecorded deed.

We think the burden of proof in this case is controlled by the provisions of our statute which made the land involved herein apparently the common property of Aiken and his wife. In a contest between them in their lifetime he would have had to establish any claim to the contrary by proof. After his death, before the heirs of his separate estate could have recovered such land from her they would have had the burden of establishing their claim thereto in like manner. Such burden rests on defendants in error in this case, regardless of whether Marshburn paid

value for the land. While in this case the apparent title and the real title are both legal titles, we do not think, in view of the legal presumption of the sufficiency of the apparent title and the burden of proof imposed by our law on the holder of the real title to prove its superiority, that it should be given greater weight in determining the burden of proof on the question of notice than is given to an outstanding equitable title when asserted against a legal title. The law having invested Mrs. Aiken, as survivor of the community, with the apparent legal title in fee simple to this land, and such apparent title having passed to Marshburn for an adequate and valuable consideration, we think before defendants in error can defeat the same they must further show that at the time he purchased he had notice of their rights, or that he had notice of facts sufficient to put him upon inquiry, and that such inquiry, pursued with reasonable diligence, would have necessarily discovered the real facts upon which their claim to the land involved in this suit is predicated. No other rule as to the burden of proof in such cases would, in our opinion, be in harmony with the provisions of our statutes, and consistent with the decisions of our Supreme Court. Sanborn v. Schuler, 86 Tex. 116, 23 S. W. 641; Cooke v. Bremond, 27 Tex. 457, 459, 86 Am. Dec. 626; Baldwin v. Root, 90 Tex. 546, 551, 552, 40 S. W. 3; Patty v. Middleton, 82 Tex. 586, 589, et seq., 17 S. W. 909.

[2] Plaintiff in error proved affirmatively that he did not know the law of Alabama which made the money paid by Cyrus S. Aiken for the land involved herein prima facie his separate property, upon which fact defendants in error's claim to superior title is based. He was neither charged with such knowledge nor put on inquiry as to the same by the mere fact that he knew Cyrus S. Aiken resided in Alabama at the date of his purchase of the land. In the absence of information concerning the law of that state with reference to the property rights of husband and wife respectively, he was justified in presuming it was the same as the law of this state. Blethen v. Bonner, 93 Tex. 141, 143, 53 S. W. 1016 and authorities there cited.

[3] A trespass to try title suit was instituted in 1912 in the district court of Tyler county by certain heirs of Cyrus S. Aiken against the Houston Oil Company, one of the defendants in error, to recover the land involved herein. Said suit was continued from time to time, and finally dismissed without prejudice at plaintiffs' cost on the 8th day of February, 1915. The petition was not introduced in evidence. There is no contention that the pleadings in that case showed the grounds on which the claim of the plaintiffs therein was based. There were some powers of attorney held by parties in that community or in that section of the state from the heirs

of Cyrus S. Aiken. Marshburn knew of said suit and of said powers of attorney. He knew the fact that a claim to the land had been asserted by the Aiken heirs by the filing of said suit and giving of said powers of attorney. It is not shown that he had any knowledge of said claim except as it arose out of said suit and said powers. Before he bought any of the land claimed by him and his associates he ascertained that said suit had been dismissed. He made inquiry of the attorneys who had filed and controlled the same, and was informed by them that the plaintiffs in that case had abandoned their claim. He made inquiry of the party or parties holding such powers of attorney and was informed that said heirs had abandoned their claim. It appears that the heirs of the separate estate of Cyrus S. Aiken at the time Marshburn purchased were many in number and widely scattered through distant states. There is no attempt to show that any of such heirs were reasonably accessible for the purpose of personal inquiry concerning the nature of their claim. Marshburn ascertained that Cyrus S. Aiken and Mildred Aiken were husband and wife at the time he purchased the land; that Aiken never had any children, and that his wife, Mildred Aiken, survived him. He consulted attorneys, and on the facts above stated they advised him that the heirs of Mildred Aiken had a good title to said land, and, so understanding and believing, he purchased from them or their assigns the interest in the said land asserted by him in this suit, and paid an adequate valuable consideration therefore. It was shown that after he had purchased all the interest claimed by him in said land under the heirs of Mildred Aiken the claim of the heirs of Cyrus S. Aiken was reasserted, and that he then acquired the fractional interest in said lands under the heirs of Cyrus S. Aiken so asserted by him to further protect his claim to the same, or at least a part thereof.

The trial court made, among other findings of fact, the following:

"Nineteenth. I further find from the evidence introduced upon this trial that L. H. Marshburn made every reasonable inquiry that any reasonably prudent man could have been expected to make under the circumstances and conditions shown by the evidence in this case as to the claim theretofore asserted by those or any of those who would have inherited the separate estate of Cyrus S. Aiken, deceased, in so far as same could affect the title to the land here in controversy, such inquiry and investigation by said L. H. Marshburn being made in good faith before he purchased the property here in controversy, or any part thereof, from the heirs of Mrs. Mildred Aiken, and being made for the purpose of ascertaining where the true title to said land was before attempting to purchase same, and that as a result of such inquiry and investigation he concluded, as he had a right to conclude under the facts and circumstances, that no such claim on the part

of such heirs of Cyrus S. Aiken was being longer asserted, but had been abandoned, and that such claims theretofore asserted had no valid foundation, and that the true title was in the heirs of Mrs. Mildred Aiken, and in thereafter purchasing such title L. H. Marshburn and W. D. Gordon, who furnished part of the money for such purchase, and to whom said L. H. Marshburn communicated the results of his investigation, were bona fide purchasers of the title, or apparent title so acquired from the heirs of Mildred S. Aiken, having paid valuable and large cash considerations therefor in perfect good faith, without notice of any facts which would adversely affect such title so purchased, and without knowledge of any facts which would require of them as reasonable and prudent men further inquiry than had theretofore been made."

Such of the defendants in error as were appellants in the Court of Civil Appeals contended by appropriate assignments of error that said finding was without support in the evidence. That court sustained their contention on the ground that it was not shown that Marshburn, in addition to inquiring of the several parties above referred to whether the heirs of Cyrus S. Aiken were still asserting a claim to the land, did not also inquire what was the basis for the claim at the time it was asserted, and also on the ground that said parties were not in a position to bind said heirs by their declarations, and, finally, that Marshburn, having notice that a claim had once been asserted by said heirs, in order to show that he had prosecuted his inquiry with reasonable diligence was required as a matter of law to inquire of said heirs or of some one lawfully authorized to speak for them as to the basis of the claim so asserted.

We think that the information possessed by Marshburn was of such a character as to put him on inquiry as to the basis of the claim asserted by said Cyrus S. Aiken's heirs. He, however, could refute the inference that he had or could have acquired knowledge of the basis of their claim by prosecuting such inquiry by proving that he pursued such inquiry with diligence and prudence without obtaining the knowledge with which defendants in error seek to charge him. Before he can be charged with knowledge of the basis of the claim of said heirs and its consequent validity, it must appear that the inquiry suggested by the fact that the said heirs had theretofore asserted a claim to said land, if followed with reasonable diligence, would necessarily have led to actual knowledge of the basis and validity of such claim. 21 Am. & Eng. Ency. Law (2d Ed.) pp. 589, 590; 23 Id. p. 514; 27 R. C. L. p. 712, § 476; Bacon v. O'Connor, 25 Tex. 213, 226; Eylar v. Eylar, 60 Tex. 315, 318; Kenedy Pasture Co. v. State, 111 Tex. 200, 232, 231 S. W. 683; Rogers v. Wiley, 14 Ill. 65, 56 Am. Dec. 491, 492; Mercantile Nat. Bank v. Parsons, 54 Minn. 56, 64, 55 N. W. 825, 40 Am. St. Rep. 299.

See note, 21 Eng. Ruling Cases, 772. We quote from Bacon v. O'Connor, supra, as follows:

"So if a purchaser had certain information of a particular defect in the title which he proposed to purchase, and pursues a proper inquiry into the truth of the information which he receives, and ascertains facts which would satisfy a prudent man that the defect to which his attention has been called does not in point of fact exist, he may still be a purchaser in good faith."

The Court of Civil Appeals based its holding that Marshburn could not be an innocent purchaser of the land without actual inquiry of the heirs or some one lawfully authorized to speak for them on the case of Bounds v. Little, 75 Tex. 316, 320, 12 S. W. 1109. In that case certain heirs were setting up a claim under what appears to have been a lost and unrecorded deed, and the court said that, if Bounds had heard that said heirs claimed the land, he should have made inquiry of them, and, if he failed to do so, the law would have affected him with notice of such facts with reference to the title as were within their knowledge. The facts in that case are briefly stated, and nothing appears therein to indicate that the heirs were not well known and readily accessible, nor to indicate that it would not have been the easiest and most natural way of acquiring information to have made direct inquiry of them. We do not think that the learned judge who wrote the opinion in that case intended by said statement to lay down as an inflexible rule that a party having notice of the assertion of an adverse claim is required by law to make personal inquiry of the claimant or of some one lawfully authorized to speak for him concerning the basis of such claim before he can be held, as a matter of fact, to have exercised reasonable diligence in pursuing his inquiry. Whether an inquiry has been pursued with reasonable diligence is ordinarily a fact to be ascertained in the light of all the attending circumstances in each particular case. We think the court, in using the language in said opinion so relied on, was merely applying the law to the facts of that particular case, which facts, though briefly stated in the opinion, were doubtless recited in full in the record before the court at that time. We think the fact that Marshburn did not inquire of the attorneys who filed and conducted said suit concerning the basis of the claim asserted by said heirs was merely a circumstance to be considered together with all the other facts and circumstances in evidence in determining the issue of whether Marshburn pursued his inquiry with reasonable diligence. We do not mean to be understood to say that the heirs were bound as a matter of law by the declarations of their former attorneys and the holders of powers of attorney from them to the effect that they had abandoned

their claims. We merely hold that Marshburn's inquiry of such parties and the answers given by them to him to such inquiry were circumstances which might be considered in determining such issue. We think the evidence in this case raises an issue of fact as to whether Marshburn, knowing a claim to the land had been asserted by said heirs, exercised due diligence in pursuing his inquiry concerning the basis of such claim, which issue on another trial should be determined by the court under all the facts and circumstances in evidence at such trial, or submitted to a jury under proper instructions.

[4] The record in this case shows that the Houston Oil Company put a tenant on said land in 1913, and kept him there continuously to the time of the trial. It further shows that in 1916 said oil company was claiming the land under the heirs of Mildred Aiken, and that it was still claiming an interest in said lands under said heirs at the time of trial. Marshburn purchased the interest in said land claimed by him under the heirs of Mildred Aiken prior to November 1, 1918. The trial was had in March, 1921. On said trial it was agreed that said oil company also held an interest in said land under the heirs of Cyrus S. Aiken. The date at which it acquired such interest is not shown by such agreement nor by the evidence, nor is it shown that it ever had or asserted any such claim prior to Marshburn's purchase. It is contended by defendants in error that the possession of said tenant was constructive notice of the basis of their claim to the superior title to said land. The burden being on defendants in error to show notice to Marshburn of the basis of their claim prior to his purchase, before he, under the facts above stated, could be considered lacking in diligence for failing to make inquiry of such tenant, it devolved on defendants in error to show that said oil company at that time held and claimed some interest in said land under the heirs of Cyrus S. Aiken.

[5] Defendants in error have not complained of the judgment of the Court of Civil Appeals in so far as it reversed the judgment of the trial court and rendered judgment in favor of plaintiffs in error. The Court of Civil Appeals, however, in the exercise of its constitutional jurisdiction reversed the case on the facts and remanded it to the district court for another trial on the issue of whether Marshburn was an innocent purchaser of an interest in the land under the heirs of Mildred Aiken. The Supreme Court is without jurisdiction to reverse that part of its judgment. Tweed v. Western Union Tel. Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957; Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660, 662.

We recommend that the judgment of the Court of Civil Appeals be affirmed, but that the court on another trial be governed by this opinion on the issues herein discussed.

CURETON, C. J. Judgment of the Court of Civil Appeals remanding the case affirmed, but subsequent trial of the case to be governed by the opinion of the Commission of Appeals.