**ROSENTHAL et al. v. CENTRAL CITY CORPORATION.**

No. 12199.

Court of Civil Appeals of Texas. Galveston.
July 13, 1950.

Rehearing Denied Oct. 19, 1950.

Bennett Lay and Edgar O. Bottler, of Houston, and Hirsch & Westheimer, of Houston, of counsel, for appellants.

J. W. Lockett and John A. Embry, Jr., of Houston, for appellee.

GRAVES, Justice.

This appeal by Mrs. Stella Rosenthal, Individually and as Independent Executrix of the Estate of Morris Rosenthal, Deceased, Martin L. Shepeard and wife, Rose Shepeard, James L. Shepeard and wife, Alice Shepeard, and James J. Shepherd and wife, Mrs. Nettie J. Shepherd, as appellants, against Central City Corporation, a corporation, as appellee, is from a judgment, in a regular trespass-to-try-title suit, of the 11th District Court of Harris County, sitting without a jury, divesting the title to certain fully-described lots of land in the Hamblen Extension of the Ryon Addition to the City of Houston, Harris County, Texas, out of the appellants, and vesting it in the appellee.

No findings-of-fact or conclusions-of-law, other than as recited in the judgment itself, were either requested of, or filed by the court.

Nor has any attack been made on appeal upon any of the findings, as made in and as presumed from the judgment of the court, so brought here.

The appellants protest against the judgment, so adverse to them below, upon this single point-of-error:

"Appellants are the holders of the record title to the land involved in this suit, no title by limitation being in issue, having deraigned title through Clayton McLelland who is shown by the undisputed evidence, and as a matter of law, to have been a bona fide purchaser for value of such land without constructive or actual notice that appellee or any of its predecessors in its chain of title claimed an after-acquired title to such land or any other interest therein, and the trial court therefore erred in rendering judgment for appellee."

The appellee, in its turn, does not formally present counterpoints to that of the appellants, but does at length challenge their

quoted assertion that Clayton McLelland, under whom they claim title to the land, was either shown by the undisputed evidence, or the law, "to have been a bona fide purchaser for value of such land without constructive or actual notice that appellee or any of its predecessors in its chain of title claimed an after-acquired title to such land or any other interest therein," as being wholly unjustified and unsupported by the record in the cause.

It makes, in substance, this resume of what the record shows in contradistinction to that as so asserted by the appellants, to wit:

" * * * It was stipulated that W. P. Hamblen was common source. Appellants claim through two deeds from W. P. Hamblen to Henry Freund, each for an undivided half of the tract of 50 acres, one dated June 6, 1889, and the other dated August 23, 1889, both promptly recorded. * * * Appellants also claim through the deed from Henry Freund to Clayton McLelland dated August 24, 1889 * * *. Appellee claims through two deeds from W. P. Hamblen to William Brady, one dated August 15, 1870, and the other dated June 4, 1872, both promptly recorded * * *. Appellee has a complete chain of title from William Brady. In other words, appellee's title from Hamblen is from fifteen to nineteen years prior to the title under which appellants claim. * * *

"Appellants also assert * * * they deraigned title through Clayton McLelland who, they say, is shown by the undisputed evidence, and as a matter of law, to have been a bona fide purchaser for value without constructive or actual notice that appellee or any of its predecessors in its chain of title claimed an after-acquired title. Such statement is * * * absolutely incorrect. Appellee does not have an 'after-acquired' title. It has a prior-acquired title. Appellee has a perfect chain of title from W. P. Hamblen which originated in 1870 and 1872. Appellants' chain of title from W. P. Hamblen originated in 1889, about seventeen or nineteen years after appellee's title passed out of W. P. Hamblen by two deeds to William Brady. Appellee's

title is not an after-acquired title. * * * In the first place, the title acquired by appellee is not an 'after-acquired' title. In the next place, Clayton McLelland was not shown to have been a bona fide purchaser for value and without notice. As already stated, the deed from W. P. Hamblen to William Brady, and the deed from William Brady to John T. Brady and the deed from John T. Brady to Isaac W. Stewart and the deed from him to F. F. Chew and the deed from him to Virginia C. Stewart and her deed to John C. Chew and his deed to Henry F. MacGregor, were all dated and recorded before the deed from W. P. Hamblen to Henry Freund and the deed from Henry Freund to Clayton McLelland, through whom appellants claim. There is nothing in this case on which to invoke the rule that a subsequent purchaser in good faith and for a valuable consideration is protected against a prior unrecorded deed. We claim title under a prior deed but it was not unrecorded. We had not only a prior deed, but we had a complete chain of title, all executed and recorded before the deed to Henry Freund and before the deed to Clayton McLelland, through which appellants claim. The only point for decision is one of priority of right by reason of priority of purchase."

An examination of the statement-of-facts, along with the judgment of the court, as appearing in the transcript, convinces this court that there was sufficient evidence to support—indeed to require—the judgment of the court, to the effect that the appellants had shown no such title in the land as would have justified recovery of it by them from the appellee.

In other words, it is held that the facts, which must be so accepted by this court do not invoke in their behalf the rule of law relied upon by the appellants, to the effect that a subsequent purchaser of land in good faith, for a valuable consideration, is protected against a prior unrecorded deed thereto; this, for the reason that, as the recitals have shown, the appellee here not only held a prior deed to this land before the deed to Clayton McLelland, which had been duly recorded, but also a complete

prior record-chain of title thereto. Hence they did not claim at all under an unrecorded deed.

Wherefore, under the facts, the authorities relied upon by the appellants to support their point-of-error, such as White v. McGregor, 92 Tex. 556, 50 S.W. 564; Breen v. Moorehead, 104 Tex. 254, 136 S.W. 1047; First National Bank of Chicago v. South-western Lumber Co., 5 Cir., 75 F.2d 814; Davidson et al. v. Ryle, 103 Tex. 209, 124 S.W. 616, 125 S.W. 881; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81; Bendy v. W. T. Carter & Bro. et al., Tex.Com. App., 269 S.W. 1037; Rogers v. Pettus, 80 Tex. 425, 428, 15 S.W. 1093; Eastham et al. v. Hunter et al., 98 Tex. 560, 86 S.W. 323; and, Dean et al. v. Gibson et ux., 34 Tex. Civ.App. 508, 79 S.W. 363, have no application to the case at bar; rather is this cause ruled by the showing that this appellee was not in the position of a subsequent purchaser, but in that of a prior purchaser under not only a recorded single deed, but, in fact, a record title to the land it claimed; wherefore, its right of recovery was plain. Ackers v. Frazier Tex.Civ.App., 220 S.W. 426; Watkins v. Edwards, 23 Tex. 443.

The judgment of the trial court will, therefore, be affirmed.

Affirmed.